GIBSON, DUNN & CRUTCHER LLP
Theane Evangelis (SBN 243570)
Jeremy S. Smith (SBN 283812)
Daniel M. Rubin (SBN 319962)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520
tevangelis@gibsondunn.com
jssmith@gibsondunn.com
drubin@gibsondunn.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| COURTNEY VAN COTT, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EQUITY RESIDENTIAL, a real estate investment trust; ERP OPERATING LIMITED PARTNERSHIP, a partnership; and EQUITY RESIDENTIAL MANAGEMENT, L.L.C., <br><br> Defendants. | Case No. 3:25-cv-02358 <br><br> **NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:** Defendants Equity Residential, ERP Operating Limited Partnership, and Equity Residential Management, L.L.C. ("Defendants") hereby remove Alameda County Superior Court Case No. 25CV107165, *Van Cott v. Equity Residential et al.*, to this Court.  This removal is based on 28 U.S.C. §§ 1332, 1441, 1446, 1453.  Removal jurisdiction is proper under the Class Action Fairness Act on the following grounds:

**TIMELINESS**

1. On January 16, 2025, Plaintiff Courtney Van Cott filed a Complaint on behalf of a putative class in Alameda County Superior Court.  Ex. A.  Defendants were served on February 26, 2025 pursuant to Cal. Code Civ. P. § 415.30.  Ex. H.  Defendants filed their answer on March 3, 2025.  Ex. J.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the state-court action are attached to this notice of removal as Exhibits A–J.  *See* Ex. K (J. Smith Decl.).

2. This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendants were served with Plaintiff's state-court complaint.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Prado v. Dart Container Corp. of Cal.*, 373 F. Supp. 3d 1281, 1285–86 (N.D. Cal. 2019).

**VENUE**

3. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing Alameda County, California, the location where the state court case was pending.  *See, e.g.*, *Deaver v. Compass Bank*, 2015 WL 8526982, at *2 (N.D. Cal. Dec. 11, 2015); N.D. Cal. Local Rule 3-2(d).

**GROUNDS FOR REMOVAL**

**I.   Procedural History**

4. Plaintiff filed this action in Alameda County Superior Court despite the fact that it is similar to a class action pending in the Northern District of California.  *See Munguia-Brown et al. v. Equity Residential et al.*, No. 3:16-cv-1225 (N.D. Cal.).  Like Plaintiff here, the plaintiffs in

*Munguia-Brown* allege that the late fees that Defendants charge their residential tenants constitute unlawful liquidated damages under California Civil Code § 1671(d). They also allege that the late fee is an unlawful business practice under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

5.  After a bench trial, in June of 2023, the district court in *Munguia-Brown* issued findings of fact and conclusions of law. The court determined that Defendants' late-fee policy violated § 1671(d) and ordered the parties to submit briefing on the precise scope of restitution and injunctive relief. Defendants respectfully contend that the district court's determination is incorrect in several respects. Proceedings in *Munguia-Brown* are ongoing with respect to the scope of relief, attorney's fees, and other post-trial issues.

6.  The classes in *Munguia-Brown* were limited to Defendants' residential tenants in California from June 2008 (when Defendants began assessing the late fees at issue) to October 28, 2022. The classes did not include tenants who were assessed a late fee during the time period of October 29, 2022 to April 30, 2024. Plaintiff's proposed class here covers tenants who resided at Equity's California properties during the time period of October 29, 2022 to April 30, 2024.

## II.    This Court Has Jurisdiction Under CAFA

7.  This civil action meets all the conditions for subject-matter jurisdiction under CAFA. 28 U.S.C. § 1332(d)(2).

### A.    The Action Is a (Putative) Class Action

8.  This action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) because Plaintiff purports to bring the action under California's class-action rule, Cal. Code Civ. P. § 382. *See* Ex. A (Compl.) ¶ 21.

### B.    The Proposed Class Exceeds 100 Members

9.  CAFA confers jurisdiction if the action involves a putative class of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met because Plaintiff alleges that the proposed class contains "thousands of tenants who rent or have rented Defendants' California

1  residential properties and have first been assessed the Standard Late Fees by Defendants during
2  the Class Period of October 29, 2022 through April 30, 2024." Ex. A ¶ 23.

3       **C.     There is Minimal Diversity Between the Parties**

4       10.     CAFA confers jurisdiction if a member of the class is a citizen of a state different
5  from any defendant. 28 U.S.C. § 1332(d)(2)(A). That requirement is met because Plaintiff Van
6  Cott is a citizen of California and Defendant Equity Residential is a citizen of Maryland and
7  Illinois. Ex. A ¶¶ 11, 15.

8       **D.     The Amount in Controversy Exceeds $5 Million**

9       11.     CAFA confers jurisdiction if "the matter in controversy exceeds the sum or value
10 of $5,000,000." 28 U.S.C. § 1332(d)(2). That requirement is met because the combination of
11 Plaintiff's requested relief and potential attorney's fees exceeds $5 million.

12      12.     Plaintiff seeks restitution of late fees incurred by tenants of Defendants'
13 residential properties in California during the period of October 29, 2022 through April 30, 2024.
14 Ex. A ¶¶ 30–38. When assessing the amount in controversy, the court must assume that the
15 allegations in the complaint are true and that a jury will return a complete verdict in favor of
16 plaintiffs. *See, e.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D.
17 Cal. 2008) (citing *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,
18 1001 (C.D. Cal. 2002)).

19      13.     An analysis of Defendants' records shows that approximately 12,000 leases
20 (which may involve more than one person) were assessed a 5% late fee during the time period
21 specified by Plaintiff's proposed class. *See* Ex. L (J. Carnley Decl.) ¶ 3.[1] Defendants' records
22 further show that the amount implicated by Plaintiff's requested damages is approximately $ 3.9

---

[1] To satisfy the amount in controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Although it is not required, Defendants offer the declaration of Jenay Carnley as further support of the notice of removal.

million.  *Id.* ¶ 4.

14.  Plaintiff also seeks attorney's fees.  Ex. A, Caption Page & Prayer ¶ D ("That Plaintiff and the Class be awarded reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure § 1021.5, the terms of the lease agreements between Class Members and Defendants, and any other applicable law.").  Prospective attorney's fees "must be included" in the amount in controversy for purposes of CAFA if they are recoverable under a contract or statute.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928 (9th Cir. 2019).

15.  Plaintiff alleges that she is entitled to attorney's fees under at least one California statute (and perhaps others) and the relevant lease contracts.  And plaintiffs in the *Munguia-Brown* action—who are represented by the same counsel as Plaintiff Van Cott—have taken the same position.

16.  Although California courts evaluate fees for class counsel using a 25% benchmark figure, *see, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–48 (9th Cir. 2002), Defendants anticipate that Plaintiff will seek attorney's fees well in excess of 25% of the putative class's potential recovery.

17.  Plaintiff's counsel has frequently requested attorney's fees exceeding 25% of the plaintiffs' recovery.  *E.g.*, *McCumber v. Invitation Homes, Inc.*, 2024 WL 4183526 (N.D. Tex. July 30, 2024) (seeking over 30% of recovery); *Muehe v. City of Boston*, 569 F. Supp. 3d 80 (D. Mass. 2021) (seeking attorney's fees that exceeded 100% plaintiffs' damages); *Willits v. City of Los Angeles*, 2016 WL 11678643 (C.D. Cal. Aug. 25, 2016) (same).

18.  Defendants likewise anticipate that Plaintiff will seek attorney's fees exceeding $1.1 million (*i.e.*, 28% of the putative class's potential recovery) in this case.

19.  Defendants anticipate that Plaintiff here will seek to justify a fee award exceeding 25% of the putative class's potential recovery based on a provision in Defendants' standard lease stating that: "[t]he party that does not prevail in any litigation commenced under this Lease will pay all attorneys' fees and costs reasonable incurred by the prevailing party in prosecuting or defending such litigation, up to a maximum of $2,000."  According to Defendants' records,

1  Plaintiff's and the proposed class's claims implicate approximately 12,000 leases. Ex. L ¶ 3. While Defendants dispute that this fee provision in its contract could ever justify a fee award above 25% of the putative class's potential recovery, Plaintiff has expressly relied on that contractual provision in the *Munguia-Brown* action.

20. The sum of Plaintiff's requested relief ($3.9 million in restitution + over $1.1 million in attorney's fees) exceeds $5 million. Accordingly, Defendants have satisfied their burden to "plausibly allege" that the aggregate amount in controversy exceeds $5 million. *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 788 (9th Cir. 2018).

## NOTICE

21. Counsel for Defendants certify that in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Plaintiff's counsel and filed with the clerk of the Alameda County Superior Court.

## CONCLUSION

22. WHEREFORE, Defendants respectfully request removal of the State Court Action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED: March 7, 2025

GIBSON, DUNN & CRUTCHER LLP

By: _____
Theane Evangelis

GIBSON, DUNN & CRUTCHER LLP
Theane Evangelis (SBN 243570)
Jeremy S. Smith (SBN 283812)
Daniel M. Rubin (SBN 319962)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
tevangelis@gibsondunn.com
jssmith@gibsondunn.com
drubin@gibsondunn.com

Attorneys for Defendants