Margaret McBride (SBN 294066)
mmcbride@clsepa.org
COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
1861 Bay Road
East Palo Alto, CA 94303
Tel: (650) 326-6440
Fax: (866) 688-5204

Linda M. Dardarian (SBN 131001)
ldardarian@dhkl.law
Andrew P. Lee (SBN 245903)
alee@dhkl.law
Katharine F. Trabucco (SBN 305413)
ktrabucco@dhkl.law
DARDARIAN HO KAN & LEE
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Attorneys for Plaintiff and the Settlement Class
(*Additional Counsel for Plaintiff and the Settlement Class listed on following page*)

UNITED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COURTNEY VAN COTT individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUITY RESIDENTIAL, a real estate investment trust, ERP OPERATING LIMITED PARTNERSHIP, a partnership, EQUITY RESIDENTIAL MANAGEMENT, L.L.C.<br><br>    Defendants. | Case No.: 25-cv-02358-JSW<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, REASONABLE ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD, AND ENTERING FINAL JUDGMENT**<br><br>Date:   January 9, 2026<br>Time:  9:00 a.m.<br>Dept:  Courtroom 5<br>Before: Hon. Jeffrey S. White |

942069.6

[Proposed] Order Granting Pl.'s Mots. for Final Approval, Reasonable Attorneys' Fees & Costs, and Class Representative Service Award – Case No. 25-cv-02358-JSW

1  Craig Nicholas (SBN 178444)
   craig@nicholaslaw.org
2  Alex Tomasevic (SBN 245595)
   alex@nicholaslaw.org
3  NICHOLAS & TOMASEVIC, LLP
   225 Broadway, 19th Floor
4  San Diego, CA 92101
   Tel:  (619) 325-0492
5  Fax:  (619) 325-0496

6  Attorneys for Plaintiff and the Settlement Class

942069.6

[Proposed] Order Granting Pl's. Mots. for Final Approval, Reasonable Attorneys' Fees & Costs, and Class Representative Service Award – Case No. 25-cv-02358-JSW

## [~~PROPOSED~~] ORDER

This matter comes before the Court upon consideration of Plaintiff Courtney Van Cott's Motions for Final Approval of Class Action Settlement, for Reasonable Attorneys' Fees and Costs of $430,000, and for a Class Representative Service Award of $5,000. The Court preliminarily approved the Settlement on August 14, 2025, ECF No. 25, and held a final fairness hearing on January 9, 2026. Having carefully reviewed the papers, considered the arguments, and the relevant legal authority, and good cause appearing, the Court GRANTS Plaintiff's Motions for Final Approval of Class Action Settlement, for Reasonable Attorneys' Fees and Costs, and for a Class Representative Service Award.

## I.  BACKGROUND

This action arises out of the Standard Late Fee (5% of monthly rent, minimum $50) that Defendants Equity Residential, *et al.* ("Equity") charged their California tenants between June 2008 and April 2024, which this Court found unlawful and void in a related action, *Munguia-Brown, et al. v. Equity Residential, et al.*, No. 4:16-cv-01225-JSW-TSH. The Parties to this action reached a settlement after Equity made a classwide Offer of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Rule 68 Offer"). Under the settlement, class members will receive restitution of all Standard Late Fees they paid to Equity from October 29, 2022 through April 30, 2024, in excess of the $31.98 per late fee that a *Munguia-Brown* plaintiff-expert had calculated to be Equity's actual average cost per late fee of collecting late rent over the *Van Cott* class period, or credits to their tenant accounts based on the same formula for those class members who had been charged but had not paid the Standard Late Fee. Under the settlement, Equity also agreed to "pay . . . class counsel any reasonable attorneys' fees and costs incurred in this action, as determined by the Court" and a $5,000 service award to Plaintiff Courtney Van Cott separate and apart from the monetary relief to be provided to the class. Subsequent to Plaintiff's filing of her Motion for Preliminary Approval and the Court's Order Granting that Motion, the Parties settled Plaintiff's claimed attorneys' fees and costs for $430,000.

On August 14, 2025, the Court preliminarily approved the Settlement – made up of the Rule 68 Offer and a Settlement Administration Protocol regarding ancillary terms (hereinafter the Rule 68 Offer and Settlement Administration Protocol will be referred to as "the Settlement Agreement"). ECF No. 25. The Court defined the Settlement Class as:

1

942069.6	[~~Proposed~~] Order Granting Pl's. Mots. for Final Approval, Reasonable Attorneys' Fees & Costs, and Class Representative Service Award – Case No. 25-cv-02358-JSW

> All Equity Residential tenants in the State of California who, from October 29, 2022 through April 30, 2024, were first charged one or more late fee(s) under Equity Residential's former "Standard Late Fee" provision: 5% of the outstanding balance owed (capped at 5% of the total amount of monthly recurring charges) or $50, whichever is greater.

ECF No. 25 at 3-4, ¶¶ 1-3. The Court appointed Plaintiff Courtney Van Cott as the Class Representative and Plaintiff's Counsel as Class Counsel. *Id.* at 4, ¶¶ 4-5. The Court also directed notice to the Settlement Class, appointed Simpluris as Settlement Administrator, *see id.* at 5-7, ¶¶ 9-11, and set the fairness hearing for January 9, 2026. ECF No. 27.

On September 12, 2025, Simpluris disseminated Notice to the Class pursuant to the Settlement Agreement and the Court's Preliminary Approval Order. Specifically, Simpluris sent the Court-approved e-mail notice to 20,347 Class Members and the Court-approved postcard notice to 1,056 Class Members, including 274 Class Members whose e-mails were returned undelivered. Simpluris and Class Counsel also posted the Court-approved long-form notice on the Settlement Website and their law firm's websites in English and Spanish.

Also on September 12, 2025, Plaintiff moved the Court for a $5,000 service award for Plaintiff Van Cott (ECF No. 29) as well as an award of $430,000 in Plaintiff's attorneys' fees and costs (ECF No. 28), later reporting that Class Counsel's lodestar through November 7, 2025 was $476,607.50 based on 548.1 hours of work. *See* ECF No. 28 (Plaintiff's Mot. for Atty's Fees); Dardarian Declaration in Support of Plaintiff's Motion for Final Approval ¶ 8. Plaintiff filed her Motion for Final Approval on November 10, 2025. The Court held a Final Fairness Hearing on January 9, 2026.

No Class Members opted out of or objected to the Settlement by the October 27, 2025 deadline, and no Class Members appeared at the fairness hearing.

The Court shall address additional facts as necessary in the analysis that follows.

## II.   ANALYSIS

**A.   The Court Grants the Motion for Final Approval.**

### 1.   Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d)(2).

2

942069.6   [Proposed] Order Granting Pl.'s. Mots. for Final Approval, Reasonable Attorneys' Fees & Costs, and Class Representative Service Award – Case No. 25-cv-02358-JSW

## 2. Settlement Class Certification

The Court preliminarily determined that Plaintiff satisfied the requirements of Rule 23(a) and 23(b). The relevant facts have not changed, and the Court incorporates the findings from the Preliminary Approval Order herein. The Court concludes those requirements have been met for final approval. Accordingly, the Court hereby unconditionally certifies, pursuant to Federal Rule of Civil Procedure 23, the following class for settlement purposes only:

> All Equity Residential tenants in the State of California who, from October 29, 2022 through April 30, 2024, were first charged one or more late fee(s) under Equity Residential's former "Standard Late Fee" provision: 5% of the outstanding balance owed (capped at 5% of the total amount of monthly recurring charges) or $50, whichever is greater.

## 3. Notice, Objections, and Requests for Exclusion

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). Under Federal Rule of Civil Procedure 23(e), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must "clearly and concisely state in plain, easily understood language" the nature of the action, the class definition, and the class members' right to exclude themselves from the class. Fed. R. Civ. P. 23(c)(2)(B). Although Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each class member actually receive notice. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (noting that the standard for class notice is "best practicable" notice, not "actually received" notice).

The Court finds that distribution of notice of the settlement directed to the Class Members as set forth in the Settlement Agreement has been completed in conformity with the Preliminary Approval Order. Simpluris received a list of 21,800 Class Members, 20,347 with e-mail addresses in Equity's records and 782 without e-mail addresses, but with valid mailing addresses. Simpluris disseminated the Court-approved email notice to 20,347 Class Members and the Court-approved postcard notice to 1,056 Class Members, including 274 Class Members whose emails were returned undeliverable. As of November 10, 2025, only 29 postcard notices were considered undeliverable.

No Class Member requested exclusion from the Settlement, or objected to the Settlement, the proposed attorneys' fees and costs, or the proposed service award by the October 27, 2025 deadline or after the deadline, including at the Final Fairness Hearing.  As there were no Class Members who requested exclusion from the Settlement, all Settlement Class members are covered by and included within the settlement and within this Order granting final approval.

In light of these facts, the Court finds the Parties have sufficiently provided the best practicable notice to Settlement Class Members.

### 4. The Relevant Factors Weigh in Favor of Concluding the Settlement Is Fair, Reasonable, and Adequate.

Federal Rule of Civil Procedure 23(e) permits a court to approve a settlement that will bind a class "only on finding that it is fair, reasonable, and adequate after considering" a number of factors. Fed. R. Civ. P. 23(e)(2); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  The factors the Court must consider are whether:

> the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D).  Further, the court "may consider some or all" of the following factors:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); *see also Hanlon*, 150 F.3d at 1026. These same factors are also sometimes referred to as the eight "*Churchill* factors."  *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig. ("Bluetooth")*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).  "The relative degree of importance to be attached to any particular factor" is case specific.  *Officers for Just. v. Civ. Serv.*

942069.6

4

[P̶R̶O̶P̶O̶S̶E̶D̶] Order Granting Pl.'s. Mots. for Final Approval, Reasonable Attorneys' Fees & Costs, and Class Representative Service Award – Case No. 25-cv-02358-JSW

*Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Based on the record as a whole, the Court finds that the relevant factors support a finding that the Settlement is fair, adequate, and reasonable. Class Counsel and the named Plaintiff have adequately represented the Settlement Class Members. The Court hereby confirms Dardarian Ho Kan & Lee, Nicholas & Tomasevic, LLP, and Community Legal Services in East Palo Alto as Class Counsel. The record shows that the Settlement was reached as the result of Class Counsel's good faith, serious, and non-collusive arms-length consideration of the Rule 68 Offer, guided by the significant knowledge and experience they had gained litigating the same claims against Defendants on behalf of the parallel classes in *Munguia-Brown.*

The Court has also considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Settlement Class Members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. To settle this action, Defendants have agreed to pay up to $2,934,620 in restitution and account credits – based on Class Members' actual late fee charges and payments as reflected in Equity's tenant ledger data, minus $31.98 offset per late fee, plus an extra 5% margin of error to cover potential errors and omissions in those calculations. Plaintiff posits that the Settlement thereby provides a refund or credit of all late fees that could be restored to Plaintiff and the Settlement Class under the applicable law and facts of this case. Plaintiff has adequately described the risks associated with continuing to litigate this case or taking it to trial, including the possibility that Equity would continue its vigorous opposition to class action status through trial and that it would appeal any successful judgment as it plans to do in *Munguia-Brown*. The Parties also provided for an effective method for distributing monetary relief to Settlement Class Members without the need to submit claims and gave Class Members receiving restitution payments the option to receive electronic payments in lieu of mailed checks. Any uncashed checks will be deposited with the state of California's Unclaimed Property program and so will remain available for Class Members to claim at any time. No funds that are owed to Class Members will revert to Equity. Accordingly, the Court also finds that relief provided for the class is adequate. Additionally, the Court finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment

5

942069.6   [P~~ROPOSED~~] ORDER GRANTING PL'S. MOTS. FOR FINAL APPROVAL, REASONABLE ATTORNEYS' FEES & COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD – CASE NO. 25-CV-02358-JSW

1   to any individual Class Member.  There have been no objections to the Settlement, and the favorable
2   reaction also favors granting the motion.
3         The Court concludes the Settlement is fair, reasonable, adequate and in the best interests of
4   Settlement Class Members, and it GRANTS Plaintiff's Motion for Final Approval.

5   **B.**     **The Court Grants the Motion for Reasonable Attorneys' Fees and Costs.**

6         In a class action settlement, the court may award reasonable attorney's fees and nontaxable
7   costs that are authorized by law or by the parties' agreement.  Fed. R. Civ. P. 23(h).  Here, Plaintiff is
8   entitled to her reasonable fees and costs under the terms of the Rule 68 Offer.  As Plaintiff's
9   underlying claims are based on state law, the Court applies state law with respect to Plaintiff's request
10  for attorneys' fees and costs.  *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th
11  1145, 1148–49 (9th Cir. 2023); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

12      **1.**     **Reasonable Attorneys' Fees.**

13        The "starting point of every fee award" under California law is to determine the amount of
14  reasonable attorney fees based on the "lodestar-adjustment" method.  *Laffitte v. Robert Half Int'l Inc.*,
15  1 Cal. 5th 480, 498 (2016) (quoting *Serrano v. Priest* ("*Serrano III*"), 20 Cal. 3d 25, 49 n.23 (1977)).
16  "Using that method, the trial court first determines a touchstone or lodestar figure based on a careful
17  compilation of the time spent by, and the reasonable hourly compensation for, each attorney, and the
18  resulting dollar amount is then adjusted upward or downward by taking various relevant factors into
19  account."  *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010) (citing *Press v. Lucky Stores,*
20  *Inc.*, 34 Cal. 3d 311, 321-22 (1983)).  There is a strong presumption that the lodestar amount represents
21  a reasonable fee.  *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1097 (2000), *as modified* (June 2, 2000);
22  *see also Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016).

23        **a.**     **Hourly Rates.**

24        The Court determines the reasonableness of hourly rates by considering the prevailing hourly
25  rates for attorneys of similar expertise and experience in the relevant market.  *See PLCM Grp.*, 22 Cal.
26  4th at 1096 (affirming attorney fee award based "on the number of hours expended by counsel
27  multiplied by the prevailing market rate for comparable legal services in San Francisco, where counsel
28  is located"); *Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 226 Cal. App. 4th 26, 71 (2014) (The

6

942069.6   [PROPOSED] ORDER GRANTING PL'S. MOTS. FOR FINAL APPROVAL, REASONABLE ATTORNEYS' FEES & COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD – CASE NO. 25-CV-02358-JSW

relevant legal community is "where the court is located."). "[T]he fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013).

Here, Class Counsel submitted detailed declarations – from Linda M. Dardarian of Dardarian Ho Kan & Lee, Craig Nicholas of Nicholas & Tomasevic, LLP, and Margaret McBride of Community Legal Services in East Palo Alto – setting forth the experience and education of the billing attorneys and legal staff, the work each biller performed on the case, examples of other California state and federal courts approving their hourly rates, and, for DHKL, other entities that pay them their regular hourly rates pursuant to ongoing settlement obligations. Plaintiff also submitted a declaration from well-respected attorney-fee expert Richard M. Pearl describing Class Counsel's hourly rates as appropriate for the Bay Area legal market for the type of services provided, based on his extensive experience, review of court orders awarding attorneys' fees, other Bay Area law firms' reports regarding the hourly rates they charge for non-contingent work, and an independent survey of Bay Area legal market hourly rates.

The Court finds, based on the extensive evidence submitted, that Class Counsel's 2025 hourly rates are reasonable and within the range of market rates charged by attorneys with similar skill and experience handling similarly complex litigation in this district. Accordingly, the Court approves the hourly rates set forth in the following table.

| Name | Position | Grad. Date/ Years of Experience | Rate |
|---|---|---|---|
| **Dardarian Ho Kan & Lee** | | | |
| Linda M. Dardarian | Managing Shareholder | 1987, 38 years | $1,275 |
| Andrew P. Lee | Shareholder | 2008, 17 years | $1,075 |
| Katharine F. Trabucco | Partner | 2015, 10 years | $900 |
| | Associate | | $850 |
| Stephanie Tilden | Associate | 2021, 4 years | $700 |
| Jacqueline Thompson | Senior Lead Paralegal | 37 years | $475 |
| Scott Grimes | Senior Paralegal | 36 years | $475 |
| Damon Valdez | Paralegal | 22 years | $425 |
| Sophia Kaufmann | Paralegal | 1 year | $375 |
| **Nicholas & Tomasevic, LLP** | | | |
| Craig Nicholas | Partner | 1995, 30 years | $875 |
| Alex Tomasevic | Partner | 2006, 19 years | $825 |

7

| Jordan Belcastro | Associate | 2021, 4 years | $400 |
|---|---|---|---|
| Emilia Carrilo | Paralegal | 10 years | $225 |
| **Community Legal Services in East Palo Alto** | | | |
| Margaret McBride | Managing Attorney | 2013, 12 years | $525 |

### b. Hours Billed.

Controlling law instructs that attorney fee awards "should be fully compensatory," and absent "circumstances rendering the award unjust, an . . . award should ordinarily include compensation for *all* the hours *reasonably spent*." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (emphasis original); *accord Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The party requesting attorneys' fees must prove the requested hours are reasonable by providing "a sufficient and proper basis for making that determination." *Rey v. Madera Unified Sch. Dist.*, 203 Cal. App. 4th 1223, 1244 (2012). "The Court must review time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients." *Zhu v. Li*, No. 19-cv-02534-JSW, 2023 WL 5279451, at *3 (N.D. Cal. Aug. 16, 2023) (quoting *Int'l Petroleum Prods. & Additives Co. v. Black Gold S.A.R.L.*, No. 19-cv-03004-YGR, 2020 WL 789567 at *2 (N.D. Cal. Feb. 18, 2020)).

Plaintiff attached detailed billing records to Class Counsel's declarations, which provide the Court sufficient information to confirm that the hours Class Counsel is requesting are reasonable. *See, e.g.*, *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) ("An attorney's sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required.") (citations omitted). Moreover, the Ninth Circuit has instructed district courts to "defer to the winning lawyer[s'] professional judgment as to how much time [they were] required to spend on the case." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)); *accord Kerkeles v. City of San Jose*, 243 Cal. App. 4th 88, 104 (2015). Class Counsel's time spent on this matter was efficient and diligent and led to an excellent result for the class. The Court notes that Class Counsel exercised reasonable billing judgment by making a significant reduction in their total lodestar to account for duplicative, inefficient or unproductive time, and time spent on anticipated discovery that was ultimately made unnecessary by the settlement.

Class Counsel's sworn declarations and time records attest that, after the exercise of billing

judgment, Class Counsel worked a total of 548.1 hours on this matter through November 7, 2025. The Court is satisfied that the hours requested by Class Counsel are reasonable.

Accordingly, based on substantial evidence, Class Counsel's reasonable lodestar exceeds the $430,000 amount that Plaintiff requests for all of her attorneys' fees and costs in this matter.

### 2. Reasonable Costs.

In her Motion for Reasonable Attorneys' Fees and Costs, Plaintiff demonstrated that she incurred $13,307.55 in costs that were necessary to the prosecution and resolution of this case and which are of the type normally billed to a client paying for counsel's services on a regular basis. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Class counsel is entitled to recover 'those out-of-pocket expenses that would normally be charged to a fee-paying client.'"); *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1372 (N.D. Cal. 1996) (awarding "necessary expenses incurred in furnishing effective representation"). Defendant objected that awarding expert expenses would not be authorized by either California law or the Class Members' lease. ECF No. 30. Given that Plaintiff's reasonable lodestar fee exceeds the $430,000 that Plaintiff requests, the Court finds that Plaintiff's request for cost reimbursement and Defendants' objection thereto to be moot.

### C. The Court Grants the Motion for Class Representative Service Award.

The Ninth Circuit has "repeatedly held that reasonable incentive awards to class representatives are permitted." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 785-87 (9th Cir. 2022) (quotation marks and citation omitted). Indeed, service awards are "fairly typical in class action cases" and are meant "to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-9.[1] In evaluating requests for service awards, courts consider the following factors: (1) the amount of time and effort spent by the class representatives on the litigation; (2) the degree to which the class representatives' efforts

---

[1] California law also permits service awards to reasonably compensate plaintiffs for undertaking and fulfilling a fiduciary duty to represent the absent class members. *See Cellphone Term. Fee Cases*, 186 Cal. App. 4th 1380, 1393-94 (2010); *Bell v. Farmers Ins. Exch.*, 115 Cal. App. 4th 715, 725-26 (2004); Manual for Complex Litigation (Fourth) § 21.62 (2004).

942069.6

9

[P~~ROPOSED~~] ORDER GRANTING PL'S. MOTS. FOR FINAL APPROVAL, REASONABLE ATTORNEYS' FEES & COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD – CASE NO. 25-CV-02358-JSW

benefitted the class; (3) the personal difficulties encountered by the class representatives; (4) the duration of the litigation; (5) the risk to the class representatives in commencing suit, whether financial, reputational, or otherwise; and (6) whether the litigation has promoted important public policy. *Id.*

"Courts in this district have found $5,000 incentive awards to be presumptively reasonable," and this Court regularly approves service awards of at least $5,000. *See Salamanca v. Sprint/United Mgmt. Co.*, No. 4:15-CV-05084-JSW, 2018 WL 1989568, at *4 (N.D. Cal. Mar. 9, 2018) (approving $5,000 service award as reasonable where the plaintiff spent between 20 and 30 hours assisting class counsel in the case, aiding mediation, providing information, and searching for and gathering documents); *see also, e.g.*, *Clayborne v. Newtron, LLC*, No. 4:19-cv-07624-JSW, 2023 WL 5748773, at *7 (N.D. Cal. Sept. 6, 2023) (noting $5,000 presumptively reasonable and awarding $10,000 service award where plaintiff did not sit for deposition or attest that he feared for professional or personal reputation, but "did play important role in the litigation with at least some personal and professional risk").

The Court notes that Plaintiff's requested $5,000 service award is presumptively reasonable under the authorities above and cited in Plaintiff's motion. The Court finds the award appropriate given the time and effort Plaintiff expended on this matter and the risk of retaliation she faces as a California tenant having filed a lawsuit against a large residential landlord.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Final Approval of Class Action Settlement, Plaintiff's Motion for Reasonable Attorneys' Fees and Costs in the amount of $430,000, and Plaintiff's Motion for a Class Representative Service Award in the amount of $5,000.

IT IS FURTHER ORDERED:

The Court directs the Parties and the Settlement Administrator to effectuate the Settlement according to the terms set forth in the Settlement Agreement and this Final Approval Order and Judgment.

The Court approves the distribution of the restitution payments and account credits to Settlement Class Members in accordance with the terms of the Settlement Administration Protocol.

10

942069.6   [PROPOSED] ORDER GRANTING PL'S. MOTS. FOR FINAL APPROVAL, REASONABLE ATTORNEYS' FEES & COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD – CASE NO. 25-CV-02358-JSW

No later than sixty-one (61) days after the date of Final Approval, meaning the day after the deadline for filing a notice of appeal from the Judgment, if no notice of appeal is filed, or if a timely appeal is filed, the day after the appellate court affirms the Judgment and enters the mandate; Equity will deliver the sum total of cash payments to be made to Class Members to the Qualified Settlement Fund. Within fourteen days (14) after the funds are delivered, during which time Simpluris shall have performed another national change of address database review of Class Members' mailing addresses, Simpluris shall provide payment to Class Members who are primary tenants and did not opt out and are due a payment, including by digital means if the Class Member provided the necessary information. Physical checks shall have a stale date of one hundred and eighty (180) days, after which any money remaining shall be deposited with the state of California's Unclaimed Property program.

No later than seventy-five (75) days after the date of Final Approval, as defined above, Equity will confirm with Simpluris that it has issued the appropriate account credits to Class Members. For any Class Member who is entitled to an account credit but is no longer a tenant at an Equity property and therefore no longer has an Equity account, Equity will, no later than seventy-five (75) days after the date of Final Approval, notify its applicable collection agency to apply the credit to the Class Member's outstanding debt. If the Class Member has paid their late fee balance upon moveout, by use of any means including a deduction from their security deposit, Equity will notify the Settlement Administrator and cause a check to be mailed to that Class Member. No later than three (3) calendar days after Equity delivers this information, Simpluris shall notify relevant Class Members about the account adjustment.

No later than seventy-five (75) days after the date of this Order, Equity will deliver payments in the amount of $430,000 for Plaintiff's attorneys' fees and $5,000 for Plaintiff's service award to Class Counsel.

Any payments to Class Members, Plaintiff and Class Counsel that are not timely made within the seventy-five (75) day deadlines above shall accrue post-judgment interest at the rate of ____, which is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *See* 28 U.S.C. § 1961(a); *see also* S.D. Cal. Bankruptcy Court, Post-Judgment Interest Rates,

11

942069.6

[Proposed] Order Granting Pl's. Mots. for Final Approval, Reasonable Attorneys' Fees & Costs, and Class Representative Service Award – Case No. 25-cv-02358-JSW

https://www.casb.uscourts.gov/post-judgment-interest-rates (citing Federal Reserve, *Select Interest Rates*, http://www.federalreserve.gov/releases/H15/Current).

If this Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and this Final Approval Order and Judgment.

The Court hereby DISMISSES this action WITH PREJUDICE, and HEREIN ENTERS JUDGMENT in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 9, 2026

_____
HON. JEFFREY S. WHITE
United States District Judge

12

942069.6

[Proposed] Order Granting Pl's. Mots. for Final Approval, Reasonable Attorneys' Fees & Costs, and Class Representative Service Award – Case No. 25-cv-02358-JSW